UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KATHLEEN KNAPP, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 1:18-cv-1637 |
| COLLEEN MCCREARY-WARNICK, | ) ) ) |
| Defendant, | ) ) |
| and | ) ) |
| PLEASANT VIEW LODGE, INC., | ) ) |
| Nominal Defendant. | ) |

**VERIFIED COMPLAINT FOR DIRECT AND DERIVATIVE ACTION AND DAMAGES, ACCOUNTING AND ACCESS TO CORPORATE RECORDS RELIEF**

Plaintiff, Kathleen Knapp ("Knapp"), Individually and Derivatively on behalf of Nominal Defendant Pleasant View Lodge, Inc. ("PVL"), hereby files her Verified Complaint against Defendant Colleen McCreary-Warnick ("McCreary-Warnick"), and in support thereof alleges and states as follows:

**FACTUAL ALLEGATIONS**

**Parties and Jurisdiction**

1. At all times relevant herein, Knapp is and was a citizen of the State of Michigan, residing at 54538 Ridgeview Drive, Shelby Township, Michigan 48316.

2. McCreary-Warnick is a citizen of the state of Indiana, and her last known address is at 10473 Ringtail Place, Fishers, Indiana 46038.

3. PVL is a corporation organized under the laws of the State of Indiana, with its principal place of business at 7476 Lane Road, McCordsville, Indiana 46055.

1

4. Knapp states that this action is based upon diversity of citizenship between Knapp and McCreary-Warnick, and an amount in controversy in excess of $75,000, and is brought pursuant to 28 U.S.C.A. Section 1332(a).

5. Venue is proper as the practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division, pursuant to 28 U.S.C.A. § 1391(b)(2).

**Background and History of the Parties and PVL**

6. PVL was formed and organized under the laws of the State of Indiana on or about October 12, 1978.

7. PVL is in the business of operating a nursing home and health care facility.

8. According to its Articles of Incorporation and By-Laws, PVL is to have a two-person Board of Directors.   A copy of PVL's By-Laws are attached hereto as **Exhibit A**.

9. The original directors were Margaret McCreary ("Margaret") and Walter McCreary ("Walter"), who were parents of Knapp and McCreary-Warnick.

10. Margaret and Walter were also the original two (2) shareholders of PVL.

11. When Walter passed away, Knapp and McCreary-Warnick each received twenty percent (20%) of the shares of PVL, with Margaret holding the remainder.

12. When Margaret passed away in 2002, her shares were transferred equally to Knapp and McCreary-Warnick.

13. Since that time, Knapp and McCreary-Warnick have been fifty percent (50%) shareholders of PVL.

14. In addition, Knapp and McCreary-Warnick are now the only two (2) Directors of PVL on its Board of Directors.

**PVL's By-Laws**

15. According to the By-Laws, "[T]he business, property and affairs of the Corporation shall be managed by the Board of Directors." PVL By-Laws, Ex. A, § 4.02.

16. The By-Laws also require a meeting of the Directors to be held annually. PVL By-Laws, Ex. A, § 4.03. At this annual meeting, the Board of Directors is to elect officers of for PVL, who are to hold one (1) year terms. PVL By-Laws, Ex. A, § 5.01.

17. Any action to be taken by the Board of Directors without a meeting requires a written consent to the action to be signed by all members of the Board of Directors. PVL By-Laws, Ex. A, § 4.05.

18. The officers of PVL are McCreary-Warnick, who serves as President, and Knapp, who serves as Vice-President and Secretary.

19. The President or the Secretary of PVL have the power to execute contracts, agreements, checks, drafts and bills of exchange, and orders for the payment of money, provided they are in the ordinary course of business of PVL. PVL By-Laws, Ex. A, § 6.01.

**Issues with McCreary-Warnick's Management of PVL**

20. Since 2002, McCreary-Warnick has served as President of PVL, which role has been McCreary-Warnick's full-time occupation.

21. Knapp, on the other hand, has spent her career in education, and specifically worked as a teacher for special needs students, and has not been employed by PVL.

22. Knapp has had virtually no involvement in PVL's operations or management. Her understanding was that her ownership of PVL was a long-term but passive investment.

23. As a result, McCreary-Warnick operated PVL with minimal transparency, often taking steps to conceal or refrain from disclosing critical information to Knapp as a director and shareholder.

24. McCreary-Warnick has repeatedly failed to call for meetings of the Board of Directors or shareholders, to discuss PVL's business or conduct or the election of new officers.

25. In spring 2017, Knapp made a demand for corporate records on PVL as permitted under Chapter 52 of Indiana's Business Corporation Law, Ind. Code § 23-1-1 *et seq*. Knapp sought the documents based upon her concerns that PVL was not being properly managed by McCreary-Warnick for the benefit of all shareholders.

26. PVL produced its records in several batches in spring 2017.

27. Upon review of these records, it became clear to Knapp that PVL was not, in fact, being managed by McCreary-Warnick for the benefit of all shareholders.

28. Instead, McCreary-Warnick was operating the company solely for her benefit and for the benefit of her immediate family, to the exclusion of her sister, Knapp.

29. For example, but without limitation, for several of the past few years, McCreary-Warnick paid herself inflated annual salaries, at times in excess of Two Hundred Thousand and 00/100 Dollars ($200,000.00) for her role at PVL. McCreary-Warnick also shows at least Thirty-Two Thousand and 00/100 Dollars ($32,000.00) in health care costs on her W-2s.

30. McCreary-Warnick's salary has fluctuated with PVL's revenue, resulting in McCreary-Warnick receiving higher salaries during higher-revenue years.

31. Further, McCreary-Warnick has directed PVL to employ several members of her immediate family, including her husband Craig Warnick, as well as several of her sons. These

family members have been paid excessive salaries or wages in lieu of distributing profits to Knapp. During this time, PVL has not paid any distributions of profit to its shareholders.

32. Instead, McCreary-Warnick has taken de facto distributions by grossly inflating her salary and by hiring her immediate family members to prevent distributions of profit to Knapp.

33. Upon information and belief, PVL elected to be taxed as an S-Corporation under the Internal Revenue Code and is legally required to make all distributions of profit to the owners on a pro rata basis by respective ownership percentages. None of these actions were approved by the Board of Directors.

34. Notwithstanding revenues and profits generated by PVL, Knapp has not received her pro rata share of distribution of profits from PVL.

35. Upon information and belief, McCreary-Warnick has also engaged in a continuous, long-standing, calculated, and intentional pattern of paying herself bonuses, health insurance costs, and payment or reimbursement of personal expenses funded by PVL, as an intentional and deliberate scheme to decrease the distributive share of profits payable to the shareholders, namely, Knapp.

36. In addition to the foregoing factual allegations, McCreary-Warnick routinely engaged in a long-term, intentionally deceptive pattern of inaccurately reporting revenues and expenses for PVL and concealing the financial and operational condition of PVL from Knapp.

37. Knapp fairly and adequately represents the interests of the non-implicated shareholders of PVL, similarly situated in enforcing the rights of PVL at issue in this case, as she is the only other shareholder.

38. Demand in this case under Fed. R. Civ. P. 23.1(b) is excused, as the only other shareholder who could take action on behalf of PVL is McCreary-Warnick, who due to the obvious

conflict of interest cannot investigate or take action against herself on behalf of PVL. Knapp previously sought a resolution of the dispute and redemption of her shares of PVL but was unsuccessful.

## COUNT I
## DERIVATIVE CLAIM FOR BREACH OF FIDUCIARY DUTY

39. Knapp realleges and incorporates by reference Paragraphs 1 through 38 as if fully set forth herein.

40. McCreary-Warnick, as officer, director, and shareholder owes fiduciary duties to PVL to act faithfully, loyally, diligently, prudently, honestly and carefully in conducting the business of PVL.

41. At various times relevant to this Complaint, McCreary-Warnick breached fiduciary duties to PVL by not acting within the best interests of PVL and not acting toward PVL and Knapp with the utmost fidelity, loyalty, care and good faith.

42. McCreary-Warnick's breaches of her fiduciary duties include the following actions taken as director, officer, and/or shareholder of PVL:

> A. McCreary-Warnick paid herself salaries, bonuses, or other payments wrongfully and grossly in excess of the reasonable value of her services to PVL.
>
> B. McCreary-Warnick directed PVL to hire her immediate family members to positions within PVL, which family members were hired to positions for which they were not qualified, for which no hire was needed, and/or paid salary or wages in excess of the reasonable value to PVL, all without approval of the Board of Directors.

      C.     McCreary-Warnick caused PVL to render valuable benefits to herself in the form of payment or reimbursement of personal expenses, including, without limitation, tens of thousands of dollars' worth of health care costs per year.

      D.     McCreary-Warnick intentionally and improperly caused PVL's financial statements and accounts to under-report the profits of PVL to avoid paying taxes and prevent Knapp from receiving her just and lawful share of the distributable profits.

      E.     McCreary-Warnick improperly and intentionally excluded Knapp from access to and participation in the rights of her ownership in PVL, including the right to access the books and records of PVL, the right to receive distributions of profits, and the right to participate in the management of PVL.

43.    Because McCreary-Warnick caused PVL to pay herself and others valuable financial benefits, including the payment of inflated salaries, bonuses and personal expenses, bonuses, PVL has made "de facto" distributions of profit to McCreary-Warnick and non-shareholders, thereby violating the requirement that S-Corporations must distribute all profits in proportion to the owner's percentage interest, and jeopardizing PVL's favorable tax treatment.

44.    As a result of McCreary-Warnick's breaches of her fiduciary duties, PVL has been greatly damaged, exposed to risk, the value of the business and its assets have been reduced, and as a result, PVL have suffered and continue to suffer monetary damages and irreparable harm.

WHEREFORE, Plaintiff, Kathleen Knapp, Individually and Derivatively on behalf of Pleasant View Lodge, Inc., respectfully requests that this Court enter judgment in her favor against Defendants, to award compensatory, special, general and punitive damages, disgorgement of

gains, restitution, costs of this action, pre- and post-judgment interest, attorney's fees and all other relief that is just and proper in the premises.

## COUNT II
## DERIVATIVE CLAIM OF UNJUST ENRICHMENT

45. Knapp realleges and incorporates by reference Paragraphs 1 through 44 as if fully set forth herein.

46. McCreary-Warnick has received funds, assets and valuable benefits in the form of improper salaries, bonuses, payment or reimbursement of personal expenses, and unlawful distributions of profit from PVL.

47. McCreary-Warnick has been unjustly enriched, to the Company's detriment, by her receipt and retention of these funds, assets, and valuable benefits.

48. PVL has been damaged and continue to be damaged and suffer irreparable harm as a result of McCreary-Warnick's unjust enrichment.

WHEREFORE, Plaintiff, Kathleen Knapp, Individually and Derivatively on behalf of Pleasant View Lodge, Inc., respectfully requests that this Court enter judgment in her favor and against Defendants for all amounts due and owing, along with attorney's fees, costs of this action and pre- and post-judgment interest, entry of an Order requiring Defendants to pay such amounts, and any and all other relief which is just and proper.

## COUNT III
## DERIVATIVE CLAIM OF WASTE, SELF-DEALING, MISMANAGEMENT AND MISAPPROPRIATION OF CORPORATE ASSETS

49. Knapp realleges and incorporates by reference Paragraphs 1 through 48 as if fully set forth herein.

50. McCreary-Warnick, as officer, director, and shareholder of PVL, has misappropriated corporate assets for her own use, utilized corporate property, resources and funds

for her own personal benefit and advantage, misapplied and wasted corporate assets to the financial detriment of PVL, and mismanaged PVL in the following ways:

    A. McCreary-Warnick paid herself salaries, bonuses, or other payments wrongfully and grossly in excess of the reasonable value of her services to PVL.

    B. McCreary-Warnick directed PVL to hire her immediate family members to positions within PVL, which family members were hired to positions for which they were not qualified, for which no hire was needed, and paid salary or wages in excess of the reasonable value to PVL, all without approval of the Board of Directors.

    C. McCreary-Warnick caused PVL to render valuable benefits to herself in the form of payment or reimbursement of personal expenses, including, without limitation, tens of thousands of dollars' worth of health care costs per year.

    D. McCreary-Warnick intentionally and improperly caused PVL's financial statements and accounts to under-report the profits of PVL to avoid paying taxes and prevent Knapp from receiving her just and lawful share of the distributable profits.

    E. McCreary-Warnick improperly and intentionally excluded Knapp from access to and participation in the rights of her ownership in PVL, including the right to access the books and records of PVL, the right to receive distributions of profits, and the right to participate in the management of PVL.

51. Because McCreary-Warnick caused PVL to pay herself and others valuable financial benefits, including the payment of inflated salaries, bonuses and personal expenses, bonuses, PVL has made "de facto" distributions of profit to McCreary-Warnick and non-

shareholders, thereby violating the requirement that S-Corporations must distribute all profits in proportion to the owner's percentage interest, and jeopardizing PVL's favorable tax treatment.

52. As a result of McCreary-Warnick's actions, PVL has been greatly damaged, exposed to risk, and the value of the business and assets has been reduced and misappropriated. As a result, PVL have suffered and continue to suffer monetary damages and irreparable harm.

WHEREFORE, Plaintiff, Plaintiff, Kathleen Knapp, Individually and Derivatively on behalf of Pleasant View Lodge, Inc., respectfully requests that this Court enter judgment in her favor against Defendants, to award compensatory, special, general and punitive damages, disgorgement of gains, restitution, costs of this action, pre- and post-judgment interest, attorney's fees, to require Defendants to account for her conduct in the management of PVL and the disposition of PVL's funds and properties, to be compelled to repay to PVL all funds, assets, or resources wasted, misappropriated, or improperly diverted, and all other relief that is just and proper in the premises.

## COUNT IV
## DERIVATIVE CLAIM FOR THEFT AND CONVERSION

53. Knapp realleges and incorporates by reference Paragraphs 1 through 52 as if fully set forth herein.

54. Defendant McCreary-Warnick committed the crime of conversion in violation of Indiana Code Ann. § 35-43-4-3 (and other Indiana law) by knowingly or intentionally taking, diverting, or retaining funds, property and resources from PVL through a long-term, intentional, and deliberate scheme to deprive PVL of its assets.

55. McCreary-Warnick's actions were willful, wanton, reckless, intentional and/or done with knowledge of their wrongfulness.

56. McCreary-Warnick's acts were the proximate cause of damages incurred by PVL.

57. Pursuant to Indiana Code Ann. § 34-24-3-1, PVL is entitled to recover three (3) times its actual damages, the costs of this action, reasonable attorney's fees, travel expenses, direct and indirect expenses incurred by Knapp related to attending any court proceedings, and costs of collection.

WHEREFORE, Plaintiff, Kathleen Knapp, Individually and Derivatively on behalf of Pleasant View Lodge, Inc., respectfully requests that this Court enter judgment in her favor against Defendants, to award compensatory, special, general and punitive damages, disgorgement of gains, restitution, costs of this action, pre- and post-judgment interest, attorney's fees and all other relief that is just and proper in the premises.

## COUNT V
## DERIVATIVE CLAIM FOR CONSTRUCTIVE FRAUD

58. Knapp realleges and incorporates by reference Paragraphs 1 through 57 as if fully set forth herein.

59. McCreary-Warnick has engaged in a continuous, long-standing, calculated, and intentional pattern of paying herself salaries, bonuses, or other payments wrongfully and grossly in excess of the reasonable value of her services to PVL, which payments have been funded by PVL, as a deliberate scheme to decrease the distributive share of profits payable to the shareholders, namely, Knapp.

60. As part of this pattern or scheme, McCreary-Warnick has withheld, misreported or otherwise hidden her behaviors from PVL and Knapp.

61. McCreary-Warnick owed legal and equitable duties to PVL and Knapp not to deceive, violate confidences or injure their interests.

62. McCreary-Warnick breached these duties, which breaches amount to a fraud on PVL and Knapp, as the only other shareholder or member of the respective entities.

63. As a direct and proximate result of these behaviors by McCreary-Warnick, PVL have suffered and will continue to suffer damages.

WHEREFORE, Plaintiff, Kathleen Knapp, Individually and Derivatively on behalf of Pleasant View Lodge, Inc., respectfully requests that this Court enter judgment in her favor against Defendants, to award compensatory, special, general and treble or punitive damages, disgorgement of gains, restitution, costs of this action, pre- and post-judgment interest, attorney's fees and all other relief that is just and proper in the premises.

## COUNT VI
## DIRECT CLAIM FOR BREACH OF FIDUCIARY DUTY

64. Knapp realleges and incorporates by reference Paragraphs 1 through 63 as if fully set forth herein.

65. McCreary-Warnick, as officer, director, and shareholder owes fiduciary duties to Knapp to act faithfully, loyally, diligently, prudently, honestly and carefully in conducting the business of PVL.

66. At various times relevant to this Complaint, McCreary-Warnick breached fiduciary duties to Knapp by not acting within the best interests of PVL and not acting toward PVL and Knapp with the utmost fidelity, loyalty, care and good faith.

67. McCreary-Warnick's breaches of her fiduciary duties include the following actions taken as director, officer, and/or shareholder of PVL:

    A. McCreary-Warnick paid herself salaries, bonuses, or other payments wrongfully and grossly in excess of the reasonable value of her services to PVL.

    B. McCreary-Warnick directed PVL to hire her immediate family members to positions within PVL, which family members were hired to positions for which they were not qualified, for which no hire was needed, and paid salary or wages in

excess of the reasonable value to PVL, all without approval of the Board of Directors.

C. McCreary-Warnick caused PVL to render valuable benefits to herself in the form of payment or reimbursement of personal expenses, including, without limitation, tens of thousands of dollars' worth of health care costs per year.

D. McCreary-Warnick intentionally and improperly caused PVL's financial statements and accounts to under-report the profits of PVL to avoid paying taxes and prevent Knapp from receiving her just and lawful share of the distributable profits.

E. McCreary-Warnick improperly and intentionally excluded Knapp from access to and participation in the rights of her ownership in PVL, including the right to access the books and records of PVL, the right to receive distributions of profits, and the right to participate in the management of PVL.

68. Because McCreary-Warnick caused PVL to pay herself and others valuable financial benefits, including the payment of inflated salaries, bonuses and personal expenses, bonuses, PVL has made "de facto" distributions of profit to McCreary-Warnick and non-shareholders, thereby violating the requirement that S-Corporations must distribute all profits in proportion to the owner's percentage interest, and jeopardizing PVL's favorable tax treatment.

69. As a result of McCreary-Warnick's breaches of her fiduciary duties, Knapp has been greatly damaged, exposed to risk, the value of her ownership interests in PVL and its assets have been reduced, and as a result, Knapp have suffered and continue to suffer monetary damages and irreparable harm.

WHEREFORE, Plaintiff Kathleen Knapp, respectfully requests that this Court enter judgment in her favor against Defendants, to award compensatory, special, general and punitive damages, disgorgement of gains, restitution, costs of this action, pre- and post-judgment interest, attorney's fees and all other relief that is just and proper in the premises.

### COUNT VII
### DIRECT CLAIM FOR THEFT AND CONVERSION

70. Knapp realleges and incorporates by reference Paragraphs 1 through 69 as if fully set forth herein.

71. Defendant McCreary-Warnick committed the crime of conversion in violation of Indiana Code 35-43-4-3 (and other Indiana law) by knowingly or intentionally taking, diverting, or retaining funds, property and resources from PVL through a long-term, intentional scheme to deprive Knapp of PVL' profits to which she was entitled because of her ownership interest therein.

72. McCreary-Warnick's actions were willful, wanton, reckless, intentional and/or done with knowledge of their wrongfulness.

73. McCreary-Warnick's acts were the proximate cause of damages incurred by Knapp.

74. Pursuant to Indiana Code Ann. § 34-24-3-1, Knapp is entitled to recover three (3) times its actual damages, the costs of this action, reasonable attorney's fees, travel expenses, direct and indirect expenses incurred by Knapp related to attending any court proceedings, and costs of collection.

WHEREFORE, Plaintiff Kathleen Knapp respectfully requests that this Court enter judgment in her favor against the Defendants, to award compensatory, special, general and punitive damages, disgorgement of gains, restitution, costs of this action, pre- and post-judgment interest, attorney's fees and all other relief that is just and proper in the premises.

## COUNT VIII
## DIRECT CLAIM FOR FRAUD

75. Knapp realleges and incorporates by reference Paragraphs 1 through 74 as if fully set forth herein.

76. McCreary-Warnick's intentional, deceitful and covert actions constituted material misrepresentations of facts.

77. McCreary-Warnick knew or had reason to know that the actions and statements were false.

78. McCreary-Warnick acted with reckless ignorance of the lack of truthfulness of the matters asserted or statements made.

79. Knapp relied on the statements and actions of McCreary-Warnick to her detriment.

80. As a direct and proximate result of these behaviors by McCreary-Warnick, Knapp has suffered and will continue to suffer damages.

WHEREFORE, Plaintiff Kathleen Knapp respectfully requests that this Court enter judgment in her favor against Defendants, to award compensatory, special, general and treble or punitive damages, disgorgement of gains, restitution, costs of this action, pre- and post-judgment interest, attorney's fees and all other relief that is just and proper in the premises.

## COUNT IX
## ACCOUNTING

81. Knapp realleges and incorporates by reference Paragraphs 1 through 80 as if fully set forth herein.

82. As a result of the various actions and omissions taken by McCreary-Warnick as set forth herein, Knapp demands an accounting be made of all of the following:

      A.      All salaries, wages, and expenses, with supporting documentation such as invoices, expense reports, receipts and the like, paid to McCreary-Warnick by PVL.

      B.      All salaries, wages, and expenses, with supporting documentation such as invoices, expense reports, receipts and the like, paid to any immediate family member of McCreary-Warnick by PVL.

      C.      All records related to the sale or provision of PVL's products or services, including but not limited to sales records supporting PVL's financial reports.

      D.      All records related to and/or documenting all distributions of profit, dividends, profit-sharing, allocations or losses paid or attributed to McCreary-Warnick or for her benefit.

      E.      All bank statements, credit card statements or other ledgers from accounts held, owned, related to or used for the benefit of PVL.

      F.      Records of all capital contributions, short term loans, long term loans, lines of credit or other financial instruments related to the operations of PVL.

      G.      Records evidencing all debt obligations incurred on behalf of PVL (e.g., credit cards, unsecured loans, etc.).

      H.      Records evidencing any loans, gifts, advances or other disbursements or financial benefits conferred on any third party and made by PVL.

83.    Additionally, it is imperative that this Court enter injunctive relief requiring Defendants to provide an accounting of their financial activities with PVL. Furthermore, to the extent that the accounting reveals misappropriated assets, a constructive trust should be imposed over those assets.

WHEREFORE, Plaintiff Kathy Knapp, respectfully requests that this Court order an accounting of the business, affairs, management, oversight and operations conducted under the control of McCreary-Warnick for and on behalf of PVL, to determine all of the compensation, bonuses, and other valuable benefits McCreary-Warnick and others have received from PVL as a result of McCreary-Warnick's conduct; to impose a constructive trust over those assets; and to award compensatory, special, general and punitive damages, disgorgement of gains, restitution, costs of this action, pre- and post-judgment interest, attorney's fees and all other relief that is just and proper in the premises.

## COUNT X
## REQUEST FOR APPOINTMENT OF RECEIVER

84. Knapp realleges and incorporates by reference Paragraphs 1 through 83 as if fully set forth herein.

85. As set forth herein, McCreary-Warnick breached her duties to Knapp and PVL and has otherwise diverted corporate assets and funds from Knapp and PVL.

86. Knapp requests that this Court use its equitable powers to immediately appoint a Receiver over the business during the pendency of the case. Knapp asserts that she will suffer irreparable harm if a Receiver is not appointed in that McCreary-Warnick will continue to receive exorbitant salaries, hide and conceal books, records, assets, and continue to exclude Knapp from enjoying the benefits of owning a profitable business.

87. Furthermore, upon information and belief, Knapp believes that McCreary-Warnick intends to take actions on behalf of PVL which threatens her ability to maintain her ownership interest and/or which would greatly diminish the value of her shares while simultaneously benefitting McCreary-Warnick, which actions would be outside the day-to-day operations of PVL.

WHEREFORE, Plaintiff Kathy Knapp, respectfully requests that this Court appoint a receiver to operate the business, affairs, management, oversight and operations of PVL, at a cost to PVL, and for all other relief that is just and proper in the premises.

## COUNT XI
## REQUEST FOR JUDICIAL DISSOLUTION OF PVL

88. Knapp realleges and incorporates by reference Paragraphs 1 through 87 as if fully set forth herein.

89. In the alternative to the relief requested above, Knapp alleges that as a result of the actions of McCreary-Warnick as set forth herein, and as a result of certain actions McCreary-Warnick intends to take on behalf of PVL going forward, it is no longer reasonably practicable for PVL to continue its operations.

90. The By-Laws require the Board of Directors to operate the business, and the two (2) directors – Knapp and McCreary-Warnick – are unable to agree on the actions to be taken for PVL going forward.

WHEREFORE, Plaintiff Kathy Knapp, respectfully requests that this Court enter a Decree or Order, pursuant to Indiana Code § 23-1-47-1 et seq., dissolving PVL, and for all other just and proper relief in the premises.

## JURY DEMAND

Plaintiff Kathleen Knapp, by counsel, hereby demands a trial by jury on all claims of relief, where available.

Respectfully submitted,

*s/William J. Brinkerhoff*
William J. Brinkerhoff, Attorney No. 24811-53
Hannah Kaufman Joseph, Attorney No. 24974-49
KATZ KORIN CUNNINGHAM, PC
334 North Senate Avenue
Indianapolis, Indiana 46204-1708

317-464-1100; 317-464-1111-fax
bbrinkerhoff@kkclegal.com
hjoseph@kkclegal.com

*Attorneys for Plaintiff Kathleen Knapp*

## VERIFICATION

I affirm, under the penalties of perjury, that the foregoing factual representations are true and accurate to the best of my knowledge and belief.

*Kathleen M Knapp*
Kathleen Knapp